Michael R. Brooks, Esq.
Nevada Bar No. 007287
David R. Clayson, Esq.
Nevada Bar No. 002826
**Kolesar & Leatham**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: mbrooks@klnevada.com
dclayson@klnevada.com

Attorneys for Plaintiff,
DITECH FINANCIAL LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC, | CASE NO. 2:16-cv-02400-MMD-VCF |
| Plaintiff, | |
| vs. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW; ORDER GRANTING DEFAULT JUDGMENT** |
| NORTHGATE HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; MARIA LOYO-MORALES; KIMBERLY TIBONI, DOES 1-10, inclusive, | |
| Defendants. | |

An Application having been duly made by Plaintiff, DITECH FINANCIAL LLC ("Ditech"), for judgment against Defendants, NEVADA ASSOCIATION SERVICES, INC. ("NAS"); MARIA LOYO-MORALES ("Loyo-Morales"); KIMBERLY TIBONI ("Tiboni") (collectively, the "Defaulting Defendants"), the defaults of said Defendants having been entered for failure to answer or otherwise defend as to the Complaint for Declaratory Relief, to Quiet Title to Real Property [ECF No. 1], it appearing that said Defendants are not in the military service of the United States and are not infants or incompetent persons, the Court having considered and accepted the evidence and argument in Ditech's Application for Default Judgment, and good cause appearing, the Court hereby finds as follows:

## I. FINDINGS OF FACT

1. Ditech is a Delaware limited liability corporation with its principal place of business in Florida, and the record beneficiary of a Deed of Trust on real property located at 5513 Oakwood Ridge Street, Las Vegas, Nevada 89130, Assessor's Parcel Number 125-36-516-087 (the "Subject Property").

2. Defendant, NORTHGATE HOMEOWNERS ASSOCIATION ("Northgate"), was at all relevant times, and continues to be, a homeowner's association doing business in Clark County, Nevada.

3. Loyo-Morales and Tiboni are individuals and residents of Clark County, Nevada.

4. NAS was at all relevant times, and continues to be, a Nevada corporation doing business in Clark County, Nevada.

5. On or about August 29, 2005, Tiboni obtained a mortgage loan from Guild Mortgage Company in the amount of $196,000.00 by signing a Note secured by a Deed of Trust to the Subject Property. Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the beneficiary under the Deed of Trust as nominee for the Lender and the Lender's successors and assigns.

6. On or about August 29, 2005, the Deed of Trust was recorded in the Official Records of the Clark County Recorder as Instrument No. 200508290004454.

7. On or about April 22, 2010, MERS assigned all beneficial interest under the Deed of Trust to The Bank of New York Mellon f/k/a The Bank of New York As Trustee for the Certificateholders of the CWABS Inc., Asset-Backed Certificates Series 2005-13 ("BNY Mellon as Trustee"). The Assignment was recorded on April 27, 2010 in the Official Records of the Clark County Recorder as Instrument No. 201004270000286.

8. On August 31, 2015, BNY Mellon as Trustee assigned all beneficial interest under the Deed of Trust to Green Tree Servicing, LLC n/k/a Ditech. The assignment was recorded in the Official Records of the Clark County Recorder on October 2, 2015 as Instrument No. 201510020004089.

9. On April 22, 2010, Tiboni filed Bankruptcy Petition Number 10-17124-lbr in the United States Bankruptcy Court for the District of Nevada (Las Vegas).

10. Tiboni listed the Subject Property as a nonexempt asset in her Bankruptcy Petition.

11. The bankruptcy case remained open and the Subject Property was an asset of the estate protected by the automatic stay under 11. U.S.C. § 362(a) until the bankruptcy was closed on May 17, 2011.

12. The Subject Property is located in a common-interest community overseen by Northgate, and is subject to the applicable covenants, conditions, and restrictions which require the payment of periodic assessments by homeowners.

13. Northgate, through its foreclosure agent recorded the Notice of Delinquent Assessment Lien on December 10, 2010, and the Notice of Default on February 11, 2011 during the pendency of the bankruptcy and without relief from the automatic stay.

14. Northgate sold the Subject Property to Loyo-Morales via foreclosure sale on or about November 9, 2012. The purchase price of the property at the foreclosure sale was $6,000.00.

15. On November 15, 2012, a foreclosure deed was recorded in the Official Records of the Clark County Recorder as Instrument No. 201211150002637. The recitals in the Foreclosure Deed stated that the conveyance of the Subject Property was made pursuant to the December 10, 2010 Notice of Delinquent Assessment and the February 11, 2011 Notice of Default.

## II. CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction over the issues set forth in the Complaint for Declaratory Relief, to Quiet Title to Real Property [ECF No. 1] (the "Complaint").

2. Venue is proper in this Court.

3. Ditech has asserted claims for relief against the Defaulting Defendants for declaratory relief and quiet title.

4. Ditech is the holder of a first position Deed of Trust on the Subject Property as against all other claimants.

5. The November 9, 2012 Foreclosure Sale of the Subject Property was void ab initio based on the violations of the automatic stay pursuant to 11 USC sec. 362. Therefore, the November 9, 2012 Foreclosure Sale did not impair, affect, terminate or extinguish the rights of Ditech as the holder of a first position deed of trust protected by the provisions of NRS 116.3116(2).

6. The Court quiets title regarding all rights, claims, ownership, liens, titles, and demands of all Defendants subject to Ditech's interest in the Note and Deed of Trust and hereby declares the sale void pursuant to 11 USC sec. 362.

7. Northgate retains all other rights and claims pursuant to the Conditions, Covenants and Restrictions and Nevada law against the Subject Property for any current or future violations, or payment delinquencies as may exist.

8. Courts also look at the following seven discretionary factors before rendering a decision on default judgment: 1) the possibility of prejudice to the plaintiff; 2) the merits of plaintiff's substantive claim; 3) the sufficiency of the complaint; 4) the sum of money at stake in the action; 5) the possibility of a dispute concerning material facts; 6) whether the default was due to excusable neglect; and 7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).

9. The first *Eitel* factor, the possibility of prejudice to Ditech, favors entering default judgment because if the Court were to deny default judgment, then prejudice to Ditech would result as Ditech would be left with the Stipulated Judgment [ECF No. 58] against Northgate regarding the property without a resolution as to potential claims from the Defaulting Defendants regarding ownership and their respective lien rights.

10. The second *Eitel* factor, the merits of Ditech's substantive claim, also favors entering default judgment as Ditech's claims are based on both United States Bankruptcy Code 11 USC sec. 362, Nevada statutory law, including NRS 30.030 (right to declaratory judgments),

NRS 116.3102 (limitations on powers of HOAs), and NRS 116.31162-116.31168 (insufficient notices).

11. The third *Eitel* factor, the sufficiency of the Complaint, also favors entering default judgment as Ditech's Complaint comports with FRCP 8(a), (d), (e) and FRCP 10.

12. The fourth *Eitel* factor, the sum of money at stake in the action, also favors entering default judgment because there is no sum of money at stake in the instant action.

13. The fifth *Eitel* factor, the possibility of a dispute concerning material facts, also favors entering default judgment because the Defaulting Defendants had every opportunity to answer the Complaint and dispute any allegation therein and the subject recorded documents are a matter of public record.

14. The sixth *Eitel* factor, whether the Default was due to excusable neglect, also favors entering default judgment because none of the Defaulting Defendants have since challenged same.

15. The seventh *Eitel* factor, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, also favors entering default judgment because a decision on the merits would likely result in a judgment against the Defaulting Defendants and FRCP 1 mandates that the Rules, including FRCP 55(b), "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

16. In sum, all seven *Eitel* factors favor entering default judgment against the Defaulting Defendants.

### III. JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Application for Default Judgment is GRANTED against the following Defendants: NEVADA ASSOCIATION SERVICES, INC.; MARIA LOYO-MORALES; and KIMBERLY TIBONI (collectively, the "Defaulting Defendants");

IT IS FURTHER ORDERED that Ditech's claim against the Defaulting Defendants for Declaratory Relief is GRANTED based on this Court's finding that the sale of the Subject Property is void for violations of United States Bankruptcy Code 11 USC sec. 362;

IT IS FURTHER ORDERED that Ditech's claim against the Defaulting Defendants for Quiet Title is GRANTED based on this Court's finding that the sale of the Subject Property is void for violations of United States Bankruptcy Code 11 USC sec. 362; and

JUDGMENT IS HEREBY ENTERED in favor of Ditech and against the Defaulting Defendants.

DATED this 12th day of June, 2018.

_____
U.S. DISTRICT COURT JUDGE

Respectfully submitted by:

**KOLESAR & LEATHAM**

_____
MICHAEL R. BROOKS, ESQ.
Nevada Bar No. 007287
DAVID R. CLAYSON, ESQ.
Nevada Bar No. 002826
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

Attorneys for Plaintiff,
DITECH FINANCIAL LLC