UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-13,[1]<br><br>Plaintiff,<br><br>v.<br><br>NEVADA ASSOCIATION SERVICES, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-02400-MMD-VCF<br><br>ORDER |

**I.  SUMMARY**

This dispute arises from the homeowners' association foreclosure sale ("HOA Sale") of real property located at 5513 Oakwood Ridge Street, Las Vegas, Nevada 89130 ("Property") to satisfy a homeowners' association lien. (*See, e.g.*, ECF No. 1 at 2-7.) The Court previously entered judgment in Plaintiff Ditech Financial LLC's favor against Defendant Northgate Homeowners Association (the "HOA") per a stipulated judgment between those parties. (ECF No. 58.) In addition, on Plaintiff's motion (ECF No. 59), the

---

[1] Plaintiff the Bank of New York Mellon fka The Bank of New York as Trustee for the Registered Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-13 filed an unopposed motion to substitute in place of Ditech Financial LLC. (ECF Nos. 75 at 1 ("Defendant Maria Loyo-Morales does not oppose the motion."), 82 (confirming non-opposition).) Plaintiff explains in the motion that Ditech Financial LLC assigned the pertinent deed of trust to Plaintiff in July 2019, after the Court entered judgment in this case. (ECF No. 75 at 2.) Plaintiff also attached supporting documentation to its motion. (ECF Nos. 75-1, 75-2.) The Court will grant the motion. (ECF No. 75.) *See also GMAC Mortg., LLC v. Nevada Ass'n Servs., Inc.*, Case No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at \*1 (D. Nev. Jan. 5, 2018) (granting unopposed motion to substitute following assignment of deed of trust in similar case). The Court will also direct the Clerk of Court to update the docket accordingly.

Court entered default judgment against Defendants Nevada Association Services, Inc. ("NAS"), Maria Loyo-Morales and Kimberly Tiboni, and closed the case. (ECF Nos. 64, 65.) Before the Court are two motions seeking either a temporary restraining order or a preliminary injunction (ECF Nos. 67, 69 (collectively, the "Motions")),[2] in which Loyo-Morales seeks to stop another foreclosure sale set for June 15, 2021 (ECF No. 74), and more generally prevent Plaintiff from foreclosing on the Deed of Trust ("DOT") it owns on the Property. Because Loyo-Morales has not shown she is entitled to the extraordinary remedy of preliminary injunctive relief, particularly because she cannot prevail on the merits of any quiet title claim she may bring,[3] and as further explained below, the Court will deny the Motions. Also before the Court is Loyo-Morales' motion to set aside the default judgment the Court entered against her.[4] (ECF No. 68 ("Set Aside Motion").) Because the HOA Sale was void because it violated the automatic bankruptcy stay, and as further explained below, the Court will also deny the Set Aside Motion.

**II.   BACKGROUND**

The Court incorporates by reference its findings of fact in the default judgment and does not recite those underlying facts here. (ECF No. 65 at 2-3.) Plaintiff filed this case in October 2016. (ECF No. 1.) According to the executed summons filed by Plaintiff, Plaintiff served Loyo-Morales by leaving it with Sabrina Zarales at the Property on October 20, 2016. (ECF No. 11 at 2.) Loyo-Morales states that Zarales was her tenant at the time. (ECF No. 67-1 at 3.) Plaintiff next mailed a copy of its notice of intent to take default against Loyo-Morales to the Property on November 16, 2016. (ECF No. 16 at 3.) Plaintiff then filed a notice of default against Loyo-Morales on December 19, 2016 and again sent a copy to Loyo-Morales at the Property. (ECF No. 22.) On Plaintiff's motion (ECF Nos. 23, 24), the

---

[2]The Court will consider and refer to the Motions collectively herein.

[3]She has not actually filed a counterclaim, necessitating the hypothetical phrasing.

[4]Plaintiff filed a response (ECF No. 79), and Loyo-Morales filed a reply (ECF No. 81).

Clerk of Court entered a default against Loyo-Morales—along with NAS and Tiboni—on December 20, 2016. (ECF No. 25.)

In January 2017, Plaintiff voluntarily dismissed Tiboni (ECF No. 26), and then filed a motion for summary judgment (ECF No. 28) seeking an order that the HOA Sale was void, and Plaintiff's DOT continued to encumber the Property. Plaintiff's lead argument in that motion was that the HOA Sale was void because it occurred during Tiboni's bankruptcy proceedings, and thus violated the automatic stay imposed by those bankruptcy proceedings. (*Id.* at 3.) The HOA was the only party that filed a response to that motion (ECF No. 36), and Plaintiff filed a reply (ECF No. 37).

However, Plaintiff reached a settlement on its primary quiet title claim with the HOA before the Court ever ruled on Plaintiff's summary judgment motion. (ECF No. 54.) As part of the settlement, Plaintiff and the HOA submitted a stipulated judgment for the Court's review. (ECF No. 56.) The Court entered the stipulated judgment (ECF No. 58), and accordingly denied the pending summary judgment motion as moot (ECF No. 57). The stipulated judgment stated that Plaintiff's DOT on the Property survived the HOA Sale. (ECF No. 58 at 3.) It also stated that Plaintiff's DOT is a first position DOT on the Property "as against all other claimants." (*Id.*)

Shortly thereafter, Plaintiff moved for default judgment against Loyo-Morales, Tiboni, and NAS. (ECF No. 59.) No responses were filed to that motion, and the Court granted the motion in June 2018. (ECF Nos. 64, 65.) As part of the default judgment, the Court entered findings of fact and conclusions of law. (ECF No. 65.) In pertinent part, the Court's conclusions of law state that the HOA Sale was void because it violated the automatic bankruptcy stay as to Tiboni. (*Id.* at 4.) The Court thus found that Plaintiff's DOT continued to encumber the Property. (*Id.*) The Court entered judgment accordingly, in Plaintiff's favor. (*Id.* at 6.)

Loyo-Morales filed the Motions and Set Aside Motion nearly three years later. (ECF Nos. 67, 68, 69.) The Court declined to consider the Motions on an ex parte basis because Plaintiff failed to comply with Local Rules LR IA 7-2(b) and LR 7-4, but nonetheless set an

expedited briefing schedule. (ECF No. 70.) Per the Court's briefing schedule for the Motions, Plaintiff filed responses (ECF Nos. 77, 78), and Loyo-Morales filed a combined reply (ECF No. 80).

### III. LEGAL STANDARDS

As to the Motions, Federal Rule of Civil Procedure 65 governs preliminary injunctions. "'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). This relief is "never awarded as of right." *Alliance for the Wild Rockies v. Cottrell* (*"Alliance"*), 632 F.3d 1127, 1131 (9th Cir. 2011) (citation omitted). To qualify for a preliminary injunction, a plaintiff must satisfy four requirements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter*, 555 U.S. at 20. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

As to the Set Aside Motion, Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). In determining whether good cause exists, the Court considers three factors: "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.'" *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). These factors are disjunctive. *See id.* Thus, the Court may refuse to set aside default if it finds that any one of these three factors is

true. *See U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

**IV.   DISCUSSION**

The Court first addresses the Motions, and then addresses the Set Aside Motion.

**A.   The Motions**

While Loyo-Morales only addresses two of the *Winters* factors in her Motions, the Court attempts to address all four.

### 1.   Likelihood of Success on the Merits

Loyo-Morales argues she is likely to succeed on the merits because she was never properly served in this case, which prevented her from filing a quiet title counterclaim that she argues she is likely to prevail on were she to file it because the HOA Sale presumptively extinguished the DOT. (ECF No. 67 at 8.) Plaintiff counters that Loyo-Morales was properly served, and she is unlikely to prevail on the merits of a quiet title counterclaim (if she filed one) because the HOA Sale violated the automatic bankruptcy stay as to Tiboni, Tiboni tendered the superpriority amount prior to the HOA sale, tender would have been futile in any event because the HOA's agent NAS had a policy of rejecting tender, and any claim Loyo-Morales were to assert would be barred by judicial estoppel. (ECF No. 77 at 6-11.) The Court agrees with Plaintiff the HOA Sale violated the automatic bankruptcy stay, as it previously found in the default judgment it entered in this case.[5]

Beginning with the service arguments, Plaintiff's predecessor-in-interest Ditech properly served Loyo-Morales by personally serving her long-term tenant at the Property. (ECF No. 11 at 2.) Under Fed. R. Civ. P. 4(e)(2)(B), a plaintiff may properly serve a defendant by leaving a copy of the summons and the complaint with "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides

---

[5]The Court therefore need not—and does not—address Plaintiff's remaining arguments as to why any counterclaim filed by Loyo-Morales would not succeed on the merits. (ECF No. 77 at 7-11.)

1  there[.]" While it appears Loyo-Morales has multiple houses, she listed the Property as
2  her residence in her bankruptcy petition filed in January 2020. (ECF No. 77-20 at 3.)[6] This
3  contradicts her statement in her declaration filed with the Motions in May 2021 that she
4  moved into the Property for the first time approximately two months prior. (ECF No. 69-1
5  at 3.) This contradiction makes it difficult to say when she moved into the Property but
6  suggests to the Court that the Property is one of her dwellings, and thus may properly be
7  considered her dwelling for purposes of Fed. R. Civ. P. (4)(e)(2). *See Stars' Desert Inn*
8  *Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997) (noting that a
9  person may have more than one dwelling in affirming the district court's finding that service
10 was proper based on evidence the defendant was living at a particular address in granting
11 the plaintiff's request for a default judgment).

12  Moreover, Loyo-Morales does not actually argue that her tenant that Ditech served,
13 Sabrina Zarales, is not "someone of suitable age and discretion[.]" (ECF Nos. 67, 69.)
14 Loyo-Morales merely repeatedly points out that Zarales is not Loyo-Morales but instead is
15 her tenant. Neither of these attributes suggest that Zarales is not "someone of suitable
16 age and discretion[.]" Fed. R. Civ. P. (4)(e)(2). For its part, Plaintiff suggests that Zarales
17 is someone of suitable age and discretion. (ECF Nos. 77 at 6, 79 at 6-7.) While Plaintiff
18 does not offer any evidence to support this assertion, the Court can easily conclude that
19 Zarales is someone of "someone of suitable age and discretion" in the absence of any
20 argument or evidence to the contrary. Ditech properly served Loyo-Morales under Fed. R.
21 Civ. P. (4)(e)(2).

22  But even setting the service arguments aside, Loyo-Morales is unlikely to prevail
23 on the merits because the HOA Sale violated the automatic bankruptcy stay as to Tiboni
24 and was therefore void. *See LN Management LLC Series 5105 Portraits Place v. Green*
25 *Tree Loan Servicing*, 399 P.3d 359, 360-61 (Nev. 2017) (holding that an HOA foreclosure

---

[6]The Court takes judicial notice of this document filed in the U.S. Bankruptcy Court for the District of Nevada. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (taking judicial notice of "documents on file in federal" court).

sale held in violation of an automatic bankruptcy stay is void). It is indeed odd that Loyo-Morales does not even refer to, or attempt to argue around, the automatic bankruptcy stay in her Motions considering that the Court expressly mentioned this reason for finding the HOA Sale void in the default judgment it entered in this case. (ECF Nos. 67, 69; *see also* ECF No. 65 at 4 (stating the violation of the bankruptcy stay rendered the HOA Sale void in the default judgment against Loyo-Morales).) And while Loyo-Morales addresses the automatic stay for the first time in her reply (ECF No. 80 at 6-7), contrary to her arguments, the HOA Sale was void even though the actual HOA Sale occurred after Tiboni's bankruptcy was discharged—because the HOA recorded the notice of default and election to sell during Tiboni's bankruptcy. (ECF Nos. 77-7, 77-8, 77-9 (establishing that the HOA recorded the notice of delinquent assessment lien and notice of default before the bankruptcy court entered its final decree and closed Tiboni's bankruptcy case).) *See also Premier One Holdings, Inc. v. Bank of New York Mellon for Certificate Holders of the CWABS, Inc.*, 401 P.3d 1145 (Table), 2017 WL 4158138, at *1 (Nev. 2017) ("because the HOA recorded its notice of default at a time when the subject property was protected by the automatic stay, the recording of that notice had no legal effect") (citation omitted). The Court accordingly concludes that Loyo-Morales is unlikely to prevail on the merits of any quiet title counterclaim she might file.

### 2. Irreparable Harm

Plaintiff argues she will be irreparably harmed if Plaintiff proceeds with the scheduled foreclosure sale on its DOT because property is unique, she is now living in the Property, and she will be unable to live there, or profit from the Property, if the foreclosure sale proceeds as scheduled. (ECF No. 67 at 8-9.) However, this argument is unpersuasive because it ignores the fact that Plaintiff's DOT continues to encumber the Property per the Court's default judgment—and as affirmed above. Thus, the foreclosure sale is a result of Plaintiff's nonpayment of the mortgage on the Property. This factor therefore does not weigh in Plaintiff's favor even if Loyo-Morales had established she was likely to prevail on the merits, and she has not.

### 3. Remaining Factors

Loyo-Morales does not address the remaining factors in her Motions. (ECF Nos. 67, 69.) The Court accordingly has no reason to assume they favor granting her Motions, especially considering the Court's finding that she is unlikely to prevail on the merits of any potential quiet title counterclaim she may file.

In sum, the *Winters* factors do not weigh in favor of granting the Motions. The Court will deny the Motions.

### B. The Set Aside Motion

The Court will also deny the Set Aside Motion for the same reasons provided *supra* in Section IV.A.1 discussing Loyo-Morales' likelihood of success on the merits. To summarize, she was properly served, but even if she was not, the HOA Sale was void because it violated the automatic bankruptcy stay as to Tiboni. As the only arguments Loyo-Morales makes in her Set Aside Motion are that she was improperly served and the HOA Sale presumptively extinguished Plaintiff's DOT—but neither argument is persuasive—Loyo-Morales has not shown good cause for the Court to set aside the default judgment it previously entered. Indeed, the Court confirmed *supra* that the primary basis for the default judgment it previously entered in this case—that the HOA Sale was void because it violated the automatic bankruptcy stay—was correct.

Turning to the *Falk* factors, they do not support setting aside the default judgment either. As to the first factor, Plaintiff would be prejudiced if the Court set aside the default judgment because it would be unable to proceed with the upcoming, scheduled foreclosure sale. Second, Loyo-Morales does not have a meritorious defense because the HOA Sale violated the automatic bankruptcy stay as to Tiboni. And because the *Falk* factors are disjunctive, and two of them do not favor setting the default judgment aside, the Court need not address the third. *See Brandt*, 653 F.3d at 1111. In sum, the Court will also deny the Set Aside Motion.

///

///

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant Maria Loyo-Morales' motion for a preliminary injunction (ECF No. 67) is denied.

It is further ordered that Defendant Maria Loyo-Morales' motion to set aside the default judgment entered against her (ECF No. 68) is denied.

It is further ordered that Defendant Maria Loyo-Morales' motion for a temporary restraining order (ECF No. 69) is denied.

It is further ordered that Plaintiff's unopposed motion to substitute (ECF No. 75) is granted.

The Clerk of Court is directed to replace Plaintiff Ditech Financial LLC on the docket with The Bank of New York Mellon fka The Bank of New York as Trustee for the Registered Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-13.

This case will remain closed.

DATED THIS 14th Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE