UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-13,<br><br>Plaintiff,<br><br>v.<br><br>NEVADA ASSOCIATION SERVICES, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-02400-MMD-VCF<br><br>ORDER |
| AND ALL RELATED CASES | |

**I.     SUMMARY**

This dispute arises from the homeowners' association foreclosure sale ("HOA Sale") of real property located at 5513 Oakwood Ridge Street, Las Vegas, Nevada 89130 ("Property") to satisfy a homeowners' association lien. (*See, e.g.*, ECF No. 1 at 2-7.) Before the Court are Plaintiff and Counter Defendant The Bank of New York Mellon as Trustee for the Registered Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-13's motions: to dismiss the counterclaim asserted against it by Defendant, Counter Claimant and Cross Claimant Maria Loyo-Morales (ECF No. 105);[1] for judgment on the pleadings (ECF No. 106);[2] to expunge lis pendens (ECF No. 107);[3] for rents and to appoint

---

[1] Loyo-Morales filed a response (ECF No. 112) and Plaintiff filed a reply (ECF No. 116).

[2] Loyo-Morales filed a response (ECF No. 113) and Plaintiff filed a reply (ECF No. 117).

[3] Loyo-Morales filed a response (ECF No. 114) and Plaintiff filed a reply (ECF No. 119).

1 a receiver (ECF No. 108);[4] and Cross Defendant Northgate Homeowners Association ("the
2 HOA")'s motion to dismiss Loyo-Morales' crossclaims asserted against it (ECF No. 127).[5]
3 Because the HOA Sale violated the automatic bankruptcy stay and Loyo-Morales'
4 crossclaims are time-barred—and as further explained below—the Court will grant Plaintiff
5 and the HOA's motions as to their claims and Loyo-Morales' claims asserted against them,
6 and dismiss Loyo-Morales' claims. The Court will further mostly grant Plaintiff's motion to
7 expunge lis pendens because this order resolves this case but deny Plaintiff's motion for
8 rent because Plaintiff did not seek rent in its Complaint and has not otherwise shown it is
9 entitled to rent at this time.

10 **II.   BACKGROUND**

11 Per Plaintiff and the HOA's requests, the Court takes judicial notice of certain
12 documents recorded with the Clark County Recorder's office to construct this factual
13 background. (ECF Nos. 105 at 4, 127 at 4 n.2.) *See also Dowers v. Nationstar Mortg.,*
14 *LLC*, 852 F.3d 964, 967 n.1 (9th Cir. 2017) (taking judicial notice of "publicly-recorded
15 documents Defendants attached to their motion to dismiss"); *Mann v. Nationstar Mortg.,*
16 *LLC*, 632 F. App'x 410, 412 (9th Cir. 2016) ("However, the district court should have
17 granted Mann's request for judicial notice of public documents, including a printout from
18 the Clark County Recorder's office and a copy of a recorded deed of trust, because these
19 documents were the proper subject of judicial notice.").

20 Cross Defendant Kimberly Tiboni obtained a $196,000 loan secured by a deed of
21 Trust ("DOT") to purchase the Property. (ECF No. 105-1.) Plaintiff is the current assignee
22 of the DOT.[6] (ECF Nos. 105-2 (assigning DOT from Mortgage Electronic Registration

---

25 [4]Loyo-Morales filed a response (ECF No. 115) and Plaintiff filed a reply (ECF No. 118).

27 [5]Loyo-Morales filed a response (ECF No. 130) and the HOA filed a reply (ECF No. 137). Cross Defendant Nevada Association Services, Inc. ("NAS") and Plaintiff joined the HOA's motion. (ECF Nos. 128, 129.) NAS joined the HOA's reply. (ECF No. 138.)

28 [6](*See also* ECF No. 95 at 2 (stating Plaintiff owns the DOT).)

2

Systems, Inc. to Plaintiff), 105-3 (assigning DOT from Plaintiff to Green Tree Servicing LLC), 105-4 (assigning DOT from Green Tree Servicing LLC back to Plaintiff).)

Tiboni filed for Chapter 7 bankruptcy in April 2010, identifying the Property as an asset in the schedules. (ECF No. 105-5[7] at 4 (signed April 22, 2010), 9 (same), 12 (identifying the Property).) The Bankruptcy Court granted Tiboni a discharge on July 28, 2010. (ECF No. 105-6.) The Bankruptcy Court later closed Tiboni's Chapter 7 case on May 17, 2011. (ECF No. 105-7.)

Meanwhile, Tiboni stopped paying her homeowners' association dues, so the HOA recorded a notice of delinquent assessment lien against the Property on December 14, 2010. (ECF No. 105-8.) The HOA then recorded a notice of default and election to sell against the Property on February 11, 2011. (ECF No. 105-9.) The HOA recorded a notice of foreclosure sale against the Property on October 16, 2012. (ECF No. 105-10.) The HOA sold the Property to Loyo-Morales at the HOA Sale on November 9, 2012. (ECF No. 105-11.)

Plaintiff's predecessor-in-interest filed this case on October 14, 2016, primarily seeking a declaration that the DOT continued to encumber the Property. (ECF No. 1.) Plaintiff's predecessor-in-interest also filed a notice of lis pendens regarding this case on October 17, 2016. (ECF No. 2.) According to the Clark County Recorder's Records, Plaintiff's predecessor-in-interest had that notice of lis pendens recorded on October 31, 2016. *See* Clark County Recorder's Office, Record Search System, Parcel # 125-36-516-087, Instrument Number 201610310000564 (Oct. 31, 2016), https://recorderecomm.clarkcountynv.gov/AcclaimWeb/Document/LoadNextInstrumentDocDetails?incomingTransactionItemId=GV2T-OcF2Oo7jbKLT643MePba9P1WG2Br-qhiZ7_VHp-7kPlTPTHoagBw5i5bRV7.

///

---

[7]The Court also takes judicial notice of these United States Bankruptcy Court for the District of Nevada ("Bankruptcy Court") records. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citations omitted).

Turning to the procedural history of this case, the Court incorporates by reference the factual background it provided in a prior order later partially vacated by the United States Court of Appeals for the Ninth Circuit. (ECF No. 84 at 2-5.) The Ninth Circuit vacated the entry of default and default judgment that the Court had entered, finding Loyo-Morales had not been properly served with the Complaint because there was no evidence that the Property was her dwelling or usual place of abode in 2016. (ECF No. 95 at 5.)

Following the Ninth Circuit's remand (ECF Nos. 96, 97), the Court adopted Plaintiff and Loyo-Morales' joint plan for how the case was to proceed (ECF No. 99). Per the schedule they agreed to, Loyo-Morales filed an answer to Plaintiff's Complaint (ECF No. 100 at 1-20), along with a counterclaim for quiet title against Plaintiff and Tiboni (*id.* at 28-29), and alternative crossclaims against the HOA and NAS for intentional or negligent misrepresentation (*id.* at 29-31), breach of the duty of good faith (*id.* at 31-32), and wrongful foreclosure (*id.* at 32-34).

Loyo-Morales served NAS and the HOA (ECF Nos. 109, 110, 111), and they have been participating in this case since then. *See supra* n.5. Loyo-Morales served Tiboni with her counterclaim by leaving a copy a summons with a man named Charles who identified himself as Tiboni's son. (ECF No. 124.) Tiboni has not taken any action in this case since that time.

### III. DISCUSSION

The Court begins by addressing Plaintiff's motion for judgment on the pleadings and to dismiss Loyo-Morales' counterclaim, then addresses the issue of Tiboni's lack of participation in this case, then moves to the HOA's motion to dismiss, and then turns to Plaintiff's motions seeking expungement of Loyo-Morales' lis pendens on the Property and for rents.

///

///

///

A. **Plaintiff's Motions for Judgment on the Pleadings and to Dismiss Loyo-Morales' Counterclaim**

These two motions turn on Plaintiff's argument that the HOA's foreclosure violated the automatic bankruptcy stay, and Plaintiff's DOT accordingly continues to encumber the Property. (ECF Nos. 105 at 5-6, 106 at 5-6.) While Loyo-Morales offers some arguments in response, she does not address the Ninth Circuit and Nevada Supreme Court decisions upon which Plaintiff's main argument relies. (ECF Nos. 112 at 3-6, 11-14, 113 at 3-6, 11-14.) Loyo-Morales' counterarguments are accordingly unpersuasive.

To start, Plaintiff has standing to raise the HOA's violation of the automatic stay created by Tiboni's bankruptcy. *See Bank of New York Mellon as Tr. for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2005-54CB, Mortg. Pass-Through Certificates Series 2005-54CB v. Enchantment at Sunset Bay Condo. Ass'n*, 2 F.4th 1229, 1233 (9th Cir. 2021) ("*Sunset Bay*"). And the facts that the Court has taken judicial notice of, *see supra* Section II, establish that the HOA recorded the operative notice of delinquent assessment lien (ECF No. 105-8 (recorded December 14, 2010)) and notice of default and election to sell (ECF No. 105-9 (February 11, 2011)) against the Property before the Bankruptcy Court closed Tiboni's Chapter 7 case on May 17, 2011 (ECF No. 105-7). Moreover, the Property was listed in one of Tiboni's bankruptcy schedules. (ECF No. 105-5 at 12 (identifying the Property).) "Accordingly, the HOA foreclosure sale was an act in violation of the automatic stay, despite the lack of notice of the homeowners' bankruptcy." *LN Mgmt. LLC Series 5105 Portraits Place v. Green Tree Loan Servicing LLC*, 399 P.3d 359, 360 (Nev. 2017) ("*Portraits Place*"); *see also Sunset Bay*, 2 F.4th at 1233-34 (finding that "the Bank should receive quiet title to the Property"). In addition, the fact that the HOA Sale occurred after the Bankruptcy Court closed Tiboni's case does not matter because the HOA recorded the notice of delinquent assessment lien and notice of default while the automatic stay was in place. *See CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, Case No. 20-16638, 2021 WL 5505409, at *1 (9th Cir. Nov. 24, 2021).

///

This means that Plaintiff's DOT continues to encumber the Property. It also means that the HOA Sale was void. *See Portraits Place*, 399 P.3d at 360-61.

Plaintiff is accordingly entitled to judgment on the pleadings that its DOT continues to encumber the Property. And because the HOA Sale was void, Loyo-Morales' quiet title claim against Plaintiff and Tiboni fails—and is therefore dismissed with prejudice, as amendment would be futile—because she lacks a valid interest in the Property. For these reasons, the Court grants both Plaintiff's motion for judgment on the pleadings as to its declaratory relief claim for quiet title based on the violation of the automatic bankruptcy stay theory (ECF No. 1 at 7-8), and Plaintiff's motion to dismiss Loyo-Morales' counterclaim.

**B.     Tiboni**

While Tiboni did not participate in the motion practice surrounding the pending motions, the Court nonetheless *sua sponte* dismisses—with prejudice, as amendment would be futile—Loyo-Morales' counterclaim against Tiboni for the same reasons provided *supra* in Section III.A. A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981); *see also Abaghinin v. Amvac Chem. Corp.*, 545 F.3d 733, 742-743 (9th Cir. 2008). And the Court does so here because Loyo-Morales' quiet title claim fails against Tiboni for the same reasons it fails against Plaintiff.

**C.     The HOA's Motion to Dismiss Crossclaims**

The Court's ruling *supra* in Section III.A also brings Loyo-Morales' alternative crossclaims into play. (ECF No. 100 at 26 ("Should this Court decide that the HOA Sale did not extinguish the Deed of Trust and that the Deed of Trust survived the HOA Sale or that the HOA Sale was void for any reason the following allegations apply to alternative

relief requested.").) The HOA[8] argues in pertinent part that Loyo-Morales' crossclaims are barred by the applicable statutes of limitations. (ECF No. 127 at 3, 12-14.) The HOA argues the statutes of limitations either began running when Plaintiff's predecessor-in-interest served its Complaint on Loyo-Morales' tenant, or when Plaintiff's predecessor-in-interest recorded a notice of lis pendens on the Property in October 2016. (*Id.* at 13.) While Loyo-Morales agrees with the HOA that all of her crossclaims are subject to three-year statutes of limitations (ECF No. 130 at 3), she argues the pertinent statutes of limitations did not begin running until April 2021, when she received a notice of foreclosure sale from Plaintiff (*id.*). Overall, the Court agrees with the HOA.

Loyo-Morales' crossclaims are time-barred. The applicable statutes of limitations began running on October 31, 2016, when Plaintiff's predecessor-in-interest recorded a notice of lis pendens against the Property. *See* Clark County Recorder's Office, Record Search System, Parcel # 125-36-516-087, Instrument Number 201610310000564 (Oct. 31, 2016), https://recorderecomm.clarkcountynv.gov/AcclaimWeb/Document/LoadNextInstrumentDocDetails?incomingTransactionItemId=GV2T-OcF2Oo7jbKLT643MePba9P1WG2Br-qhiZ7_VHp-7kPlTPTHoagBw5i5bRV7.[9] While Plaintiff's predecessor-in-interest filed its notice of lis pendens in this case on October 17, 2016 (ECF No. 2), and the HOA proffers that version of the document as an exhibit to its Motion (ECF No. 127-1), the lis pendens was not recorded against the Property until October 31, 2016. *See supra*. But the precise date does not matter much because Loyo-Morales did not file her crossclaims until July 26, 2022. (ECF No. 100.) And as Loyo-Morales concedes the longest possible statute of limitations that applies to her crossclaims is three years (ECF No. 130 at 3), her

---

[8]And NAS, because it joined the HOA's motion and reply. (ECF Nos. 128, 138.)

[9]As noted, the Court takes judicial notice of this web page. *See Mann*, 632 F. App'x 410, 412 ("However, the district court should have granted Mann's request for judicial notice of public documents, including a printout from the Clark County Recorder's office . . .").

7

crossclaims are time-barred because she admittedly waited more than three years from October 2016 to file them.

October 31, 2016, is the appropriate trigger date for the applicable statutes of limitations because the notice of lis pendens is a public record, and that is the date it was recorded. *See supra.* "If the facts giving rise to the cause of action are matters of public record then '[t]he public record gave notice sufficient to start the statute of limitations running.'" *Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cnty.*, 131 Nev. 1304 (Table), 2015 WL 5056232, at *3 (Nev. 2015) (citations omitted); *see also Bank of New York for Certificateholders of CWALT, Inc. v. S. Highlands Cmty. Ass'n*, 329 F. Supp. 3d 1208, 1218 (D. Nev. 2018) ("The limitation period started running on the date the trustee's deed upon sale was recorded because [the plaintiff] knew or should have known of its injury at that time.) (citing *Job's Peak*, 2015 WL 5056232, at *3).

Loyo-Morales argues that she did not receive actual notice of the notice of lis pendens (ECF No. 130 at 16), but "[f]rom the time of recording only, except as otherwise provided in NRS 14.017, the pendency of the action is constructive notice to a purchaser or encumbrancer of the property affected thereby." NRS § 14.010(3); *see also Tahican, LLC v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 139 Nev. Adv. Op. 2, --- P.3d ----, 2023 WL 1479547, at *3 (Nev. 2023) ("A lis pendens serves as constructive notice to potential purchasers or lenders that the real property described in the lis pendens is the subject of a pending lawsuit.") (citing NRS § 14.010(3)). Thus, Loyo-Morales had constructive notice of the notice of lis pendens from the date it was recorded, which, again, was October 31, 2016.[10] Whether she had actual notice does not matter.

Loyo-Morales also argues that the Ninth Circuit concluded that she did not receive notice of the lis pendens, but that argument is simply inaccurate. (ECF No. 130 at 16.) The

---

[10]Loyo-Morales also relies on *Berberich v. Bank of America, N.A.*, 460 P.3d 440, 443 (Nev. 2020) (ECF No. 130 at 16), but that opinion interprets NRS § 11.080, not NRS § 14.010, or the statutes of limitations applicable to Loyo-Morales' crossclaims for intentional or negligent misrepresentation, breach of the duty of good faith, or wrongful foreclosure.

8

Ninth Circuit only addressed Plaintiff's Complaint (ECF No. 1), not the notice of lis pendens (ECF No. 2). (ECF No. 95.) And thus even though the Court agrees with Loyo-Morales that the Complaint did not start the statute of limitations clock running considering the Ninth Circuit's ruling (*see id.*), the Court's agreement with Loyo-Morales on that point is immaterial because the Ninth Circuit simply did not address whether Plaintiff's notice of lis pendens recorded October 31, 2016 put her on constructive notice sufficient to set the statute of limitations clock running. As explained herein, it did.

In sum, Loyo-Morales' crossclaims against the HOA and NAS are time barred. The HOA's motion is therefore granted. Loyo-Morales' crossclaims (ECF No. 100 at 29-33) are dismissed, with prejudice, as amendment would be futile.

### D. Plaintiff's Motion to Expunge Lis Pendens

"To maintain [a] lis pendens, the party who recorded it has the burden of establishing, among other things, that the lis pendens is proper and that the party is likely to prevail in the action and as a result will be entitled 'to relief affecting the title or possession of the real property.'" *Tahican*, 2023 WL 1479547, at *3 (citing NRS § 14.015(2), (3)). "If the party fails to meet its burden, the district court must order the lis pendens expunged." *Id.* (citing NRS 14.015(5)).

In Sections III.A-C, *supra*, the Court dismissed Loyo-Morales' counter and crossclaims with prejudice. It is accordingly impossible for her to show that she is likely to prevail in this action. The Court therefore—as it must—grants Plaintiff's motion to expunge lis pendens, and orders Loyo-Morales' lis pendens (ECF Nos. 87, 91-1 (recorded version)) expunged.

However, the Court declines Plaintiff's request to award fees. (ECF No. 107 at 5-6.)

### E. Plaintiff's Motion for Rents and to Appoint Receiver

Plaintiff also requests that the Court require Loyo-Morales pay past, present, and future rents to Plaintiff, and appoint a receiver to ensure it happens. (ECF No. 108 at 3.) But Plaintiff never sought this relief in its Complaint. (*See generally* ECF No. 1.) Federal

Rule of Civil Procedure 8(a)(3) "requires a claim to contain 'a demand for judgment for the relief the pleader seeks.'" *Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1098 (9th Cir. 2001). "Although our decisions go to great lengths to underscore the breadth of notice pleadings, the principle is not without limits." *Id.* (citation omitted). It would accordingly be inappropriate for the Court to award Plaintiff rents and appoint a receiver under the circumstances presented by this case. *See id.* at 1097-98 (declining to interpret the operative pleading to contain a request for damages after the pertinent party had made various representations to the effect that it was only seeking declaratory and injunctive relief); *see also Mattel, Inc v. MGA Ent., Inc.*, 705 F.3d 1108, 1110-11 (9th Cir. 2013) (vacating jury verdict where the theory upon which the jury found liability was not borne out by the pleadings).

Regardless, and alternatively, Plaintiff concedes in reply that it "must foreclose first, and then if necessary sue for any deficiency and rents from Tiboni (through a likely third-party suit against Loyo-Morales)." (ECF No. 118 at 2.) Plaintiff goes on to waive its argument that it is entitled to rents under the statute it cited in its initial motion for rents (*id.* at 3), and otherwise discusses how it could perhaps get rent from Loyo-Morales after initiating a future claim against Tiboni (*id.*). Overall, Plaintiff concedes in reply that it cannot, at this time, proffer an appropriate legal basis to obtain rent from Loyo-Morales. The Court accordingly denies Plaintiff's motion for rent and to appoint a receiver without prejudice to Plaintiff asserting some other claim for rent against Loyo-Morales in a different case, at a more appropriate time.

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion to dismiss Loyo-Morales' counterclaim against it (ECF No. 105) is granted.

It is further ordered that Plaintiff's motion for judgment on the pleadings (ECF No. 106) is granted.

It is further ordered that the HOA conducted its foreclosure sale in violation of the automatic bankruptcy stay and thus Plaintiff's DOT continues to encumber the Property.

It is further ordered that the HOA's motion to dismiss Loyo-Morales' crossclaims (ECF No. 127) is granted.

It is further ordered that Loyo-Morales' counter and crossclaims (ECF No. 100 at 20-34) are dismissed in their entirety, with prejudice, as amendment would be futile.

It is further ordered that Plaintiff's motion to expunge lis pendens (ECF No. 107) is granted in part, and denied in part, as specified herein.

It is further ordered that the notice of pendency of action and lis pendens recorded with the Clark County Recorder's Office with instrument number 20210621-0000003 (ECF Nos. 87, 91-1 (recorded version)) is cancelled.

It is further ordered that Plaintiff's motion for rents and to appoint receiver (ECF No. 108) is denied as specified herein.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th Day of February 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE